# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Luiber Arteaga and | ) |
| Nelly Carolina Colmenares and | ) |
| Luis David Ordonez Avendano and | ) |
| Yenny Carolina Guerra and | )   Case No. <u>4:22-cv-434</u> |
| Marlon Andres Ortiz Lozano and | ) |
| William Fernando Cardona Vinasco and | ) |
| Andris De Jesus Ferrer Leal and | ) |
| David Jose Molina Barrios and | ) |
| Juhey Karina Barreto Teran and | ) |
| Dexcy Rosa Suarez and | ) |
| Omer Molina, | ) |
|                             Plaintiffs, | ) |
| v. | ) |
| | ) |
| Aron Carillo d/b/a 3Carrillo's Construction, | ) |
| | ) |
|                             Defendant. | ) |
| | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiffs, Luiber Arteaga ("Arteaga") and Nelly Carolina Colmenares ("Colmenares") and Luis David Ordonez Avendano ("Ordonez") and Yenny Carolina Guerra ("Guerra") and Marlon Andres Ortiz Lozano ("Ortiz") and William Fernando Cardona Vinasco ("Cardona") and Andris De Jesus Ferrer Leal ("Ferrer") and David Jose Molina Barrios ("Barrios") and Juhey Karina Barreto Teran ("Barreto") and Dexcy Rosa Suarez ("Suerez") and Omer Molina ("Molina"), by and through their attorney, Daniel I. Schlade, complain against Aron Carrillo ("Defendant" or "Carillo") d/b/a 3Carrillo's Construction. In support of this Complaint, Plaintiffs state:

**Introduction**

1.      This action seeks redress for Defendant's willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related Florida state law

claims, for Defendant's failure to pay overtime and minimum wages owed.

**Parties**

2.      Arteaga is a resident of Waco, Texas; and he was employed by Defendant.

3.      Colmenares is a resident of Los Angeles, California; and he was employed by

Defendant.

4.      Ordonez is a resident of Davenport, Florida; and he was employed by Defendant.

5.      Guerra is a resident of Tallahassee, Florida; and he was employed by Defendant.

6.      Ortiz is a resident of Charlotte, North Carolina; and he was employed by Defendant.

7.      Cardona is a resident of Chicago, Illinois; and he was employed by Defendant.

8.      Ferrer is a resident of Waco, Texas; and he was employed by Defendant.

9.      Barrios is a resident of Waco, Texas; and he was employed by Defendant.

10.      Barreto is a resident of Deluth, Georgia; and he was employed by Defendant.

11.      Suarez is a resident of Waco, Texas; and he was employed by Defendant

12.      Molina is a resident of Waco, Texas; and he was employed by Defendant.

13.      Defendant is a sole-proprietorship business that is located, headquartered, and conducts

business in Gretna, Florida. On information and belief, Carillo is a resident of Gretna, Florida.

14.      Defendant is "an enterprise engaged in commerce or in the production of goods for

commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of

sales made or business done of at least $500,000; and because they are engaged in interstate

commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

15.     The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in the Northern District of Florida because all underlying facts and transactions occurred in or about Gadsden County, Florida.

## Facts Common To All Claims

17.      Carillo is an "employer" as that term is defined in Section 203 of the FLSA, because it is a sole proprietorship that does business for profit.

## COUNT I: VIOLATION OF THE FLSA
## (Arteaga v. Carillo)

18.     Plaintiff reincorporates by reference Paragraphs 1 through 17, as if set forth in full herein for Paragraph 18.

19.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

20.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

21.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

22.     Plaintiff was paid their wages on a(n) weekly basis.

23.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

24.     Plaintiff's rate of pay was $25 per hour.

25.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

26.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

27.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

28.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,000.00 in unpaid wages; (ii) liquidated damages of $1,000.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

        WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

    A.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,000.00;

    B.  An award liquidated damages in an amount equal to at least $1,000.00;

    C.  A declaration that Defendants violated the FLSA;

    D.  An award reasonable attorneys' fees and costs; and

    E.  Any such additional or alternative relief as this Court deems just and proper.

### COUNT II: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11
### (Arteaga v. Carillo)

29.     Plaintiff reincorporates by reference Paragraphs 1 through 28, as if set forth in full herein for Paragraph 29.

30.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

31.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

32.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

33.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $4,000.00 in unpaid minimum wages and $4,000.00 in liquidated damages

WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

F.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $4,000.00;

G.  An award treble damages in an amount equal to at least $12,000.00;

H.  A declaration that Defendants violated the Florida Statutes;

I.  An award reasonable attorneys' fees and costs; and

J.  Any such additional or alternative relief as this Court deems just and proper.

## COUNT III: DEMAND FOR WAGES PURSUANT TO
## FLORIDA STATUTES § 448.110
### (Arteaga v. Carillo)

34.     Plaintiff reincorporates by reference Paragraphs 1 through 33, as if set forth in full herein for Paragraph 34.

35.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

36.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

37.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

38.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $4,000.00 in unpaid minimum wages and $4,000.00 in liquidated damages

WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

K.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $4,000.00;

L.  An award for liquidated damages in an amount equal to at least $4,000.00;

M.  A declaration that Defendants violated the Florida Statutes;

N.  An award reasonable attorneys' fees and costs; and

O.  Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF THE FLSA
### (Colmenares v. Carillo)

39.     Plaintiff reincorporates by reference Paragraphs 1 through 40, as if set forth in full herein for Paragraph 41.

40.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

41.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

42.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

43.     Plaintiff was paid their wages on a(n) weekly basis.

44.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

45.     Plaintiff's rate of pay was $20 per hour.

46.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

47.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

48.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

49.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $800.00 in unpaid wages; (ii) liquidated damages of $800.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

        WHEREFORE, Plaintiff Nelly Carolina Colmenares respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

    A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $800.00;

    B. An award liquidated damages in an amount equal to at least $800.00;

    C. A declaration that Defendants violated the FLSA;

    D. An award reasonable attorneys' fees and costs; and

E.  Any such additional or alternative relief as this Court deems just and proper.

### COUNT V: DEMAND FOR WAGES PURSUANT TO
### FLORIDA STATUTES § 772.11
### (Colmenares v. Carillo)

50.      Plaintiff reincorporates by reference Paragraphs 1 through 28, as if set forth in full

herein for Paragraph 29.

51.      This count arises from Defendants' violation of the Florida Statutes, by failing to pay

Plaintiff earned labor wages.

52.      Plaintiff began working at Defendants in or before September 1, 2022, through

September 22, 2022.

53.      Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the

Florida Statutes and constitutes theft.

54.      Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three

(3) years prior to the filing of this suit, which amount totals $2,540.00 in unpaid minimum wages

and $2,540.00 in liquidated damages

WHEREFORE, Plaintiff  Nelly Carolina Colmenares respectfully requests that the

Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

P.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,540.00;

Q.  An award treble damages in an amount equal to at least $7,620.00;

R.  A declaration that Defendants violated the Florida Statutes;

S.  An award reasonable attorneys' fees and costs; and

T.  Any such additional or alternative relief as this Court deems just and proper.

### COUNT VI: DEMAND FOR WAGES PURSUANT TO
### FLORIDA STATUTES § 448.110
### (Colmenares v. Carillo)

55.     Plaintiff reincorporates by reference Paragraphs 1 through 33, as if set forth in full herein for Paragraph 34.

56.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

57.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

58.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

59.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,540.00 in unpaid minimum wages and $2,540.00 in liquidated damages

       WHEREFORE, Plaintiff Nelly Carolina Colmenares respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

U.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,540.00;

V.  An award for liquidated damages in an amount equal to at least $2,540.00;

W. A declaration that Defendants violated the Florida Statutes;

X.  An award reasonable attorneys' fees and costs; and

Y.  Any such additional or alternative relief as this Court deems just and proper.

## COUNT VII: VIOLATION OF THE FLSA
### (Ordonez v. Carillo)

60.     Plaintiff reincorporates by reference Paragraphs 1 through 59, as if set forth in full herein for Paragraph 60.

61.     Plaintiff began working at Defendants in or before August 25, 2022 through September 22, 2022.

62.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

63.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

64.     Plaintiff was paid their wages on a(n) weekly basis.

65.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

66.     Plaintiff's rate of pay was $20 per hour.

67.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

68.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

69.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

70.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $800.00 in unpaid wages; (ii) liquidated damages of $800.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit C.

        WHEREFORE, Plaintiff Luis David Ordonez Avendano respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $800.00;

B. An award liquidated damages in an amount equal to at least $800.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT VIII: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11
### (Ordonez v. Carillo)

71.     Plaintiff reincorporates by reference Paragraphs 1 through 28, as if set forth in full herein for Paragraph 29.

72.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

73.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

74.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

75.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,140.00 in unpaid minimum wages and $2,140.00 in liquidated damages

WHEREFORE, Plaintiff Luis David Ordonez Avendano respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

Z. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,140.00;

AA. An award treble damages in an amount equal to at least $6,420.00;

BB. A declaration that Defendants violated the Florida Statutes;

CC.  An award reasonable attorneys' fees and costs; and

DD. Any such additional or alternative relief as this Court deems just and proper.

### COUNT IX: DEMAND FOR WAGES PURSUANT TO
### FLORIDA STATUTES § 448.110
### (Ordonez v. Carillo)

76.     Plaintiff reincorporates by reference Paragraphs 1 through 75, as if set forth in full herein for Paragraph 76.

77.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

78.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

79.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

80.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,140.00 in unpaid minimum wages and $2,140.00 in liquidated damages

        WHEREFORE, Plaintiff Luis David Ordonez Avendano respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

   EE. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,140.00;

   FF. An award for liquidated damages in an amount equal to at least $2,140.00;

   GG. A declaration that Defendants violated the Florida Statutes;

   HH. An award reasonable attorneys' fees and costs; and

   II.  Any such additional or alternative relief as this Court deems just and proper.

### COUNT X: VIOLATION OF THE FLSA
### (Guerra v. Carillo)

81.     Plaintiff reincorporates by reference Paragraphs 1 through 8, as if set forth in full herein for Paragraph 9.

82.     Plaintiff began working at Defendants in or before September 1, 2022 through September 22, 2022.

83.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

84.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

85.     Plaintiff was paid their wages on a(n) weekly basis.

86.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

87.     Plaintiff's rate of pay was $20 per hour.

88.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

89.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

90.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

91.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i)

$800.00 in unpaid wages; (ii) liquidated damages of $800.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit D.

WHEREFORE, Plaintiff Yenny Carolina Guerra respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $800.00;

B. An award liquidated damages in an amount equal to at least $800.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT XI: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11 (Guerra v. Carillo)

92.     Plaintiff reincorporates by reference Paragraphs 1 through 28, as if set forth in full herein for Paragraph 29.

93.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

94.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

95.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

96.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,540.00 in unpaid minimum wages and $2,540.00 in liquidated damages

WHEREFORE, Plaintiff Yenny Carolina Guerra respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

JJ. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,540.00;

KK. An award treble damages in an amount equal to at least $7,620.00;

LL. A declaration that Defendants violated the Florida Statutes;

MM.     An award reasonable attorneys' fees and costs; and

NN. Any such additional or alternative relief as this Court deems just and proper.

## COUNT XII: DEMAND FOR WAGES PURSUANT TO
## FLORIDA STATUTES § 448.110
### (Guerra v. Carillo)

97.     Plaintiff reincorporates by reference Paragraphs 1 through 33, as if set forth in full herein for Paragraph 34.

98.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

99.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

100.    Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

101.    Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,540.00 in unpaid minimum wages and $2,540.00 in liquidated damages

WHEREFORE, Plaintiff Yenny Carolina Guerra respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

OO. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,540.00;

PP. An award for liquidated damages in an amount equal to at least $2,540.00;

QQ. A declaration that Defendants violated the Florida Statutes;

RR. An award reasonable attorneys' fees and costs; and

SS. Any such additional or alternative relief as this Court deems just and proper.

## COUNT XIII: VIOLATION OF THE FLSA
### (Ortiz v. Carillo)

102.     Plaintiff reincorporates by reference Paragraphs 1 through 101, as if set forth in full herein for Paragraph 102.

103.     Plaintiff began working at Defendants in or before September 5, 2022 through September 11, 2022.

104.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

105.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 57 hours per week.

106.     Plaintiff was paid their wages on a(n) weekly basis.

107.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

108.     Plaintiff's rate of pay was $20 per hour.

109.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

110.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

111.    On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

112.    Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $170.00 in unpaid wages; (ii) liquidated damages of $170.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit E.

        WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

F.   The amount of unpaid wages for all time worked by Plaintiff, totaling at least $170.00;

G.   An award liquidated damages in an amount equal to at least $170.00;

H.   A declaration that Defendants violated the FLSA;

I.    An award reasonable attorneys' fees and costs; and

J.   Any such additional or alternative relief as this Court deems just and proper.

### COUNT XIV: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11
### (Ortiz v. Carillo)

113.    Plaintiff reincorporates by reference Paragraphs 1 through 112, as if set forth in full herein for Paragraph 113.

114.    This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

115.    Plaintiff began working at Defendants in or before September 5, 2022, through September 11, 2022.

116.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

117.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $1,140.00 in unpaid minimum wages and $1,140.00 in liquidated damages

        WHEREFORE, Plaintiff Marlon Andres Ortiz Lozano respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

    TT. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,140.00;

    UU. An award treble damages in an amount equal to at least $3,420.00;

    VV. A declaration that Defendants violated the Florida Statutes;

    WW.      An award reasonable attorneys' fees and costs; and

    XX. Any such additional or alternative relief as this Court deems just and proper.

### COUNT XV: DEMAND FOR WAGES PURSUANT TO
### FLORIDA STATUTES § 448.110
### (Ortiz v. Carillo)

118.     Plaintiff reincorporates by reference Paragraphs 1 through 117, as if set forth in full herein for Paragraph 118.

119.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

120.     Plaintiff began working at Defendants in or before September 5, 2022, through September 11, 2022.

121.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

122.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $1,140.00 in unpaid minimum wages and $1,140.00 in liquidated damages

WHEREFORE, Plaintiff Marlon Andres Ortiz Lozano respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

YY. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,140.00;

ZZ. An award for liquidated damages in an amount equal to at least $1,140.00;

AAA.     A declaration that Defendants violated the Florida Statutes;

BBB.     An award reasonable attorneys' fees and costs; and

CCC.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XVI: VIOLATION OF THE FLSA
### (Cardona v. Carillo)

123.     Plaintiff reincorporates by reference Paragraphs 1 through 122, as if set forth in full herein for Paragraph 123.

124.     Plaintiff began working at Defendants in or before September 5, 2022 through September 11, 2022.

125.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

126.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 49 hours per week.

127.     Plaintiff was paid their wages on a(n) weekly basis.

128.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

129.     Plaintiff's rate of pay was $20 per hour.

130.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

131.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

132.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

133.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $90.00 in unpaid wages; (ii) liquidated damages of $90.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit F.

WHEREFORE, Plaintiff William Fernando Cardona Vinasco respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

K.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $90.00;

L.  An award liquidated damages in an amount equal to at least $90.00;

M.  A declaration that Defendants violated the FLSA;

N.  An award reasonable attorneys' fees and costs; and

O.  Any such additional or alternative relief as this Court deems just and proper.

**COUNT XVII: DEMAND FOR WAGES PURSUANT TO
FLORIDA STATUTES § 772.11
(Cardona v. Carillo)**

134.     Plaintiff reincorporates by reference Paragraphs 1 through 133, as if set forth in full herein for Paragraph 134.

135.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

136.     Plaintiff began working at Defendants in or before September 5, 2022, through September 11, 2022.

137.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

138.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $980.00 in unpaid minimum wages and $980.00 in liquidated damages

        WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

DDD.     The amount of unpaid wages for all time worked by Plaintiff, totaling at least $980.00;

EEE.     An award treble damages in an amount equal to at least $2,940.00;

FFF. A declaration that Defendants violated the Florida Statutes;

GGG.     An award reasonable attorneys' fees and costs; and

HHH.     Any such additional or alternative relief as this Court deems just and proper.

### COUNT XVIII: DEMAND FOR WAGES PURSUANT TO
### FLORIDA STATUTES § 448.110
### (Cardona v. Carillo)

139.     Plaintiff reincorporates by reference Paragraphs 1 through 138, as if set forth in full herein for Paragraph 139.

140.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

141.     Plaintiff began working at Defendants in or before September 5, 2022, through September 11, 2022.

142.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

143.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $980.00 in unpaid minimum wages and $980.00 in liquidated damages

WHEREFORE, Plaintiff William Fernando Cardona Vinasco respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

III. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $980.00;

JJJ. An award for liquidated damages in an amount equal to at least $980.00;

KKK.     A declaration that Defendants violated the Florida Statutes;

LLL.     An award reasonable attorneys' fees and costs; and

MMM.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XIX: VIOLATION OF THE FLSA
### (Ferrer v. Carillo)

144.     Plaintiff reincorporates by reference Paragraphs 1 through 143, as if set forth in full herein for Paragraph 144.

145.     Plaintiff began working at Defendants in or before September 1, 2022 through September 22, 2022.

146.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

147.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

148.     Plaintiff was paid their wages on a(n) weekly basis.

149.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

150.     Plaintiff's rate of pay was $23 per hour.

151.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

152.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

153.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

154.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $920.00 in unpaid wages; (ii) liquidated damages of $920.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit G.

         WHEREFORE, Plaintiff Andris De Jesus Ferrer Leal respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

P.   The amount of unpaid wages for all time worked by Plaintiff, totaling at least $920.00;

Q.   An award liquidated damages in an amount equal to at least $920.00;

R.   A declaration that Defendants violated the FLSA;

S.   An award reasonable attorneys' fees and costs; and

T.   Any such additional or alternative relief as this Court deems just and proper.

## COUNT XX: DEMAND FOR WAGES PURSUANT TO
## FLORIDA STATUTES § 772.11
### (Ferrer v. Carillo)

155.     Plaintiff reincorporates by reference Paragraphs 1 through 154, as if set forth in full herein for Paragraph 155.

156.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

157.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

158.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

159.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,520.00 in unpaid minimum wages and $2,520.00 in liquidated damages

WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

NNN.     The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,520.00;

OOO.     An award treble damages in an amount equal to at least $7,560.00;

PPP. A declaration that Defendants violated the Florida Statutes;

QQQ.     An award reasonable attorneys' fees and costs; and

RRR.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXI: DEMAND FOR WAGES PURSUANT TO
## FLORIDA STATUTES § 448.110
### (Ferrer v. Carillo)

160.     Plaintiff reincorporates by reference Paragraphs 1 through 159, as if set forth in full

herein for Paragraph 160.

161.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay

Plaintiff earned minimum wages.

162.     Plaintiff began working at Defendants in or before September 1, 2022, through

September 22, 2022.

163.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation

of the Florida Labor Code.

164.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three

(3) years prior to the filing of this suit, which amount totals $2,520.00 in unpaid minimum wages

and $2,520.00 in liquidated damages

     WHEREFORE, Plaintiff Andris De Jesus Ferrer Leal respectfully requests that the

Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

SSS. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,520.00;

TTT.     An award for liquidated damages in an amount equal to at least $2,520.00;

UUU.     A declaration that Defendants violated the Florida Statutes;

VVV.     An award reasonable attorneys' fees and costs; and

WWW.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXII: VIOLATION OF THE FLSA

**<ins>(Barrios v. Carillo)</ins>**

165.     Plaintiff reincorporates by reference Paragraphs 1 through 164, as if set forth in full herein for Paragraph 165.

166.     Plaintiff began working at Defendants in or before September 1, 2022 through September 22, 2022.

167.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

168.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

169.     Plaintiff was paid their wages on a(n) weekly basis.

170.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

171.     Plaintiff's rate of pay was $23 per hour.

172.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

173.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

174.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

175.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $920.00 in unpaid wages; (ii) liquidated damages of $920.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit H.

WHEREFORE, Plaintiff David Jose Molina Barrios respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

U.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $920.00;

V.  An award liquidated damages in an amount equal to at least $920.00;

W.  A declaration that Defendants violated the FLSA;

X.  An award reasonable attorneys' fees and costs; and

Y.  Any such additional or alternative relief as this Court deems just and proper.

### COUNT XXIII: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11
### (Barrios v. Carillo)

176.     Plaintiff reincorporates by reference Paragraphs 1 through 175, as if set forth in full herein for Paragraph 176.

177.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

178.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

179.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

180.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,520.00 in unpaid minimum wages and $2,520.00 in liquidated damages

WHEREFORE, Plaintiff David Jose Molina Barrios respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

XXX.     The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,520.00;

YYY.     An award treble damages in an amount equal to at least $7,560.00;

ZZZ.     A declaration that Defendants violated the Florida Statutes;

AAAA.     An award reasonable attorneys' fees and costs; and

BBBB.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXIV: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 448.110
### (Barrios v. Carillo)

181.     Plaintiff reincorporates by reference Paragraphs 1 through 33, as if set forth in full herein for Paragraph 34.

182.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

183.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

184.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

185.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,520.00 in unpaid minimum wages and $2,520.00 in liquidated damages

WHEREFORE, Plaintiff David Jose Molina Barrios respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

CCCC.     The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,520.00;

DDDD.     An award for liquidated damages in an amount equal to at least $2,520.00;

EEEE.     A declaration that Defendants violated the Florida Statutes;

FFFF.     An award reasonable attorneys' fees and costs; and

GGGG.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXV: VIOLATION OF THE FLSA
### (Barreto v. Carillo)

186.     Plaintiff reincorporates by reference Paragraphs 1 through 185, as if set forth in full herein for Paragraph 186.

187.     Plaintiff began working at Defendants in or before September 1, 2022 through September 22, 2022.

188.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

189.     Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

190.     Plaintiff was paid their wages on a(n) weekly basis.

191.     Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

192.     Plaintiff's rate of pay was between $18 and $20 per hour.

193.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

194.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

195.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

196.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $792.00 in unpaid wages; (ii) liquidated damages of $792.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit I.

WHEREFORE, Plaintiff Juhey Karina Barreto Teran respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

Z.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $792.00;

AA. An award liquidated damages in an amount equal to at least $792.00;

BB.  A declaration that Defendants violated the FLSA;

CC.  An award reasonable attorneys' fees and costs; and

DD. Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXVI: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11
### (Barreto v. Carillo)

197.     Plaintiff reincorporates by reference Paragraphs 1 through 196, as if set forth in full herein for Paragraph 197.

198.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

199.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

200.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

201.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,494.40 in unpaid minimum wages and $2,494.40 in liquidated damages

WHEREFORE, Plaintiff Juhey Karina Barreto Teran respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

HHHH.     The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,494.40;

IIII.  An award treble damages in an amount equal to at least $7,483.20;

JJJJ. A declaration that Defendants violated the Florida Statutes;

KKKK.     An award reasonable attorneys' fees and costs; and

LLLL.     Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXVII: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 448.110 (Barreto v. Carillo)

202.     Plaintiff reincorporates by reference Paragraphs 1 through 201, as if set forth in full herein for Paragraph 202.

203.    This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

204.    Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

205.    Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

206.    Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,494.40 in unpaid minimum wages and $2,494.40 in liquidated damages

WHEREFORE, Plaintiff Luiber Arteaga respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

MMMM.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,494.40;

NNNN.    An award for liquidated damages in an amount equal to at least $2,494.40;

OOOO.    A declaration that Defendants violated the Florida Statutes;

PPPP.    An award reasonable attorneys' fees and costs; and

QQQQ.    Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXVIII: VIOLATION OF THE FLSA
### (Suarez v. Carillo)

207.    Plaintiff reincorporates by reference Paragraphs 1 through 206, as if set forth in full herein for Paragraph 207.

208.    Plaintiff began working at Defendants in or before September 1, 2022 through September 22, 2022.

209.    At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform painting residential and commercial properties, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

210.    Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

211.    Plaintiff was paid their wages on a(n) weekly basis.

212.    Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

213.    Plaintiff's rate of pay was $20 per hour.

214.    Throughout the course of Plaintiff's employment with Defendants, Defendant regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

215.    Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

216.    On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

217.    Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $800.00 in unpaid wages; (ii) liquidated damages of $800.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit J.

        WHEREFORE, Plaintiff Dexcy Rosa Suarez respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

EE. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $800.00;

FF. An award liquidated damages in an amount equal to at least $800.00

GG. A declaration that Defendants violated the FLSA;

HH. An award reasonable attorneys' fees and costs; and

II. Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXIX: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11
### (Suarez v. Carillo)

218.    Plaintiff reincorporates by reference Paragraphs 1 through 217, as if set forth in full herein for Paragraph 218.

219.    This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned labor wages.

220.    Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

221.    Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the Florida Statutes and constitutes theft.

222.    Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,520.00 in unpaid minimum wages and $2,520.00 in liquidated damages

WHEREFORE, Plaintiff Dexcy Rosa Suarez respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

RRRR.    The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,520.00;

SSSS.    An award treble damages in an amount equal to at least $7,560.00;

TTTT.     A declaration that Defendants violated the Florida Statutes;

UUUU.    An award reasonable attorneys' fees and costs; and

VVVV.    Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXX: DEMAND FOR WAGES PURSUANT TO
## FLORIDA STATUTES § 448.11
### (Suarez v. Carillo)

223.     Plaintiff reincorporates by reference Paragraphs 1 through 222, as if set forth in full

herein for Paragraph 223.

224.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay

Plaintiff earned minimum wages.

225.     Plaintiff began working at Defendants in or before September 1, 2022, through

September 22, 2022.

226.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation

of the Florida Labor Code.

227.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three

(3) years prior to the filing of this suit, which amount totals $2,520.00 in unpaid minimum wages

and $2,520.00 in liquidated damages

        WHEREFORE, Plaintiff Dexcy Rosa Suarez respectfully requests that the Court enter a

judgment in their favor and against Defendant Carillo, jointly and severally, for:

WWWW.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least

        $2,520.00;

XXXX.    An award for liquidated damages in an amount equal to at least $2,520.00;

YYYY.    A declaration that Defendants violated the Florida Statutes;

ZZZZ.    An award reasonable attorneys' fees and costs; and

AAAAA.  Any such additional or alternative relief as this Court deems just and proper.

## COUNT XXXI: VIOLATION OF THE FLSA
### (Molina v. Carillo)

228.     Plaintiff reincorporates by reference Paragraphs 1 through 227, as if set forth in full

herein for Paragraph 228.

229.     Plaintiff began working at Defendants in or before September 1, 2022 through

September 22, 2022.

230.     At all times, Plaintiff held the same position with Defendant, he was a painter. Plaintiff

was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he

was employed by Defendants to perform painting residential and commercial properties, and

they do not fall into any of the exceptions or exemptions for workers under the FLSA.

231.     Although schedules are subject to change, Plaintiff's general schedule with Defendants

required Plaintiff to work on average 60 hours per week.

232.     Plaintiff was paid their wages on a(n) weekly basis.

233.     Plaintiff's wages were not based on the number of jobs performed or completed, nor

was it based on the quality or efficiency of his performance.

234.     Plaintiff's rate of pay was $23 per hour.

235.     Throughout the course of Plaintiff's employment with Defendants, Defendant regularly

scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

236.     Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate

at which he was employed during the hours worked in excess of forty (40) hours per week.

237.     On information and belief, Defendants have failed to keep proper time records tracking

Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for

hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

238.     Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3)

years prior to the filing of this lawsuit. On information and belief, this amount includes: (i)

$920.00 in unpaid wages; (ii) liquidated damages of $920.00; and (iii) Plaintiff's attorney's fees

and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit K.

WHEREFORE, Plaintiff Omer Molina respectfully requests that the Court enter a

judgment in their favor and against Defendant Carillo, jointly and severally, for:

JJ.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least $920.00;

KK. An award liquidated damages in an amount equal to at least $920.00;

LL.A declaration that Defendants violated the FLSA;

MM.      An award reasonable attorneys' fees and costs; and

NN. Any such additional or alternative relief as this Court deems just and proper.

### COUNT XXXII: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 772.11 (Molina v. Carillo)

239.     Plaintiff reincorporates by reference Paragraphs 1 through 238, as if set forth in full

herein for Paragraph 239.

240.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay

Plaintiff earned labor wages.

241.     Plaintiff began working at Defendants in or before September 1, 2022, through

September 22, 2022.

242.     Defendant's failure to pay Plaintiff the Florida their earned wages is a violation of the

Florida Statutes and constitutes theft.

243.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, which amount totals $2,898.00 in unpaid minimum wages and $2,898.00 in liquidated damages

WHEREFORE, Plaintiff Omer Molina respectfully requests that the Court enter a judgment in their favor and against Defendant Carillo, jointly and severally, for:

BBBBB.   The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,898.00;

CCCCC.   An award treble damages in an amount equal to at least $8,694.00;

DDDDD.   A declaration that Defendants violated the Florida Statutes;

EEEEE.   An award reasonable attorneys' fees and costs; and

FFFFF.   Any such additional or alternative relief as this Court deems just and proper.

### COUNT XXXIII: DEMAND FOR WAGES PURSUANT TO FLORIDA STATUTES § 448.110
#### (Molina v. Carillo)

244.     Plaintiff reincorporates by reference Paragraphs 1 through 243, as if set forth in full herein for Paragraph 244.

245.     This count arises from Defendants' violation of the Florida Statutes, by failing to pay Plaintiff earned minimum wages.

246.     Plaintiff began working at Defendants in or before September 1, 2022, through September 22, 2022.

247.     Defendant's failure to pay Plaintiff the Florida mandated minimum wages is a violation of the Florida Labor Code.

248.     Pursuant to the Florida Statutes, Plaintiff is entitled to recover unpaid wages for three

(3) years prior to the filing of this suit, which amount totals $2,898.00 in unpaid minimum wages

and $2,898.00 in liquidated damages

          WHEREFORE, Plaintiff Omer Molina respectfully requests that the Court enter a

judgment in their favor and against Defendant Carillo, jointly and severally, for:

GGGGG.  The amount of unpaid wages for all time worked by Plaintiff, totaling at least

$2,898.00;

HHHHH.  An award for liquidated damages in an amount equal to at least $2,898.00;

IIIII. A declaration that Defendants violated the Florida Statutes;

JJJJJ.     An award reasonable attorneys' fees and costs; and

KKKKK.  Any such additional or alternative relief as this Court deems just and proper.


_____   /s/   Daniel I. Schlade

**Justicia Laboral LLC**
**Daniel I. Schlade**
Florida Bar No.
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: dschlade@justicialaboral.com

**Plaintiff requests trial by jury for all counts where allowed**