**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LUIBER ORTEGA, et al.,**

    **Plaintiff,**

vs.                                              **Case No. 4:22cv434-AW-MAF**

**ARON CARRILLO,
and 3CARRILLOS LLC,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

    Defendant 3Carrillos LLC was served with process on May 1, 2023. ECF No. 29. The Clerk entered a default as to Defendant 3Carrillos LLC on June 26, 2023. ECF Nos. 32-33.

    Defendant Aron Carrillo was initially represented by counsel and filed a motion to dismiss the complaint. ECF No. 10. The motion to dismiss was denied as moot, ECF No. 14, after Plaintiffs filed an amended complaint, ECF No. 13. Another motion to dismiss was filed, ECF No. 15, but counsel for Defendant Carrillo thereafter was permitted to withdraw. ECF Nos. 16, 22. Defendant Carrillo was provided an opportunity to obtain

new counsel to represent him, ECF No. 22, but failed to do so. Since proceeding pro se, Defendant Carrillo has not defended the claims brought against him in this case. The Clerk entered a default as to Defendant Aron Carrillo on November 3, 2023. ECF Nos. 40-41.

In December 2023, Plaintiffs filed a motion for default judgment pursuant to Rule 55. ECF No. 43. Ultimately, ruling could not be entered on that motion because of various inconsistencies which did not meet the standard required under Rule 55 - that is, a sufficient basis was not shown for the Court to calculate the damages requested. ECF No. 45. Thus, the initial motion for default judgment was denied, ECF No. 47, and Plaintiffs were required to file an amended motion for default judgment which explained how each Plaintiff calculated the liquidated damages sought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. [FLSA]. ECF No. 45. Plaintiffs' amended motion for default judgment, ECF No. 46, was timely filed and has now been reviewed.[1]

---

[1] Because Defendant Aron Carrillo initially appeared in this action through counsel, an Order was entered after Plaintiff filed the amended motion, ECF No. 46, which specifically warned Defendant Carrillo that judgment may be entered against him if he failed to file a response to the amended motion by July 11, 2024. ECF No. 47. Despite that warning, no response was filed.

**The Amended Complaint, ECF No. 13**

Plaintiffs are eleven persons who were employed by the Defendant Aron Carrillo and his company, 3Carrillo, "a limited liability company in the construction industry," which conducts business in Florida. ECF No. 13 at 2. Aron Carrillo is the manager and owner of 3Carrillo LLC, and was the "head boss" with the power to hire and fire the Plaintiffs. *Id.* at 2-3. Defendant Carrillo could raise or lower Plaintiffs' pay, he had the power to set their work schedule, control their work, and he maintained their employment records. *Id.* According to the amended complaint, 3Carrillo and Aron Carrillo constitute an "employer" as defined by section 203 of the FLSA.[2] *Id.* at 3. Defendants are alleged to be an "enterprise engaged in commerce or the production of goods for commerce" under 29 U.S.C. § 203(s)(1)(A)(i) and (ii). *Id.* at 2. Further, Defendants allegedly had annual revenue in excess of $500,000.00, and employed in excess of 20 workers. *Id.* at 2-3.

---

[2] Although the amended complaint brought claims on behalf of each Plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* the Florida Civil Theft statute and common law fraud, *see* ECF No. 13, all state law claims presented against the Defendants were dismissed for failure to satisfy Rule 9(b)'s particularity requirement. ECF No. 34.

Case No. 4:22cv434-AW-MAF

Plaintiffs were recruited by Carrillo to work on a construction project. *Id.* at 3-4. "Carrillo promised each Plaintiff that in addition to their rates of pay . . ., he would provide them with a per diem to cover expenses such as meals, and they would be put up in a hotel for the duration of the Project." *Id.* Plaintiffs alleged that Defendants failed to pay Plaintiffs their agreed upon wages or per diem, and used threats "of homelessness and police intervention to compel Plaintiffs to work without receiving their agreed upon wages." ECF No. 13 at 4-5. Defendants also wilfully failed to compensate Plaintiffs for work performed over the forty hour workweek.[3] *Id.* "The only part of the agreement upheld by Defendants is that Plaintiffs were placed in a hotel during the Project." *Id.* at 4. Plaintiffs are "lower income individuals," and were transported to the Project; "they did not possess sufficient funds to pay for the hotel themselves or get back to their respective homes without any wages." *Id.*

The amended complaint sufficiently alleges facts which state a valid FLSA claim against Defendants. By failing to respond to the amended complaint, Defendants admit the truth of Plaintiffs' well-pleaded allegations.

---

[3] Pursuant to the FLSA, Plaintiffs were entitled to be paid "at a rate not less than one and one-half times the regular rate at which" the Plaintiffs were employed. 29 U.S.C. § 207(a)(1).

Case No. 4:22cv434-AW-MAF

Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009); Nishimatsu Const. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975).  Therefore, Plaintiffs are entitled to a declaratory judgment that Defendants violated the FLSA as requested.  ECF No. 13 at 49.

The general rule is that a default judgment awarding damages without a hearing is proper "only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."  DIRECTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1129 (M.D. Ala. 2004) (citing Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) and Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003)).  Plaintiffs seek the recovery of unpaid wages, unpaid overtime wagers, and liquidated damages pursuant to the FLSA.  Under FLSA, the amount of liquidated damages equals the amount of unpaid wages or unpaid overtime compensation, resulting in a double damage award.  29 U.S.C. § 216(b); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008).

Plaintiffs' amended motion, ECF No. 46 at 4-5 and 22-23, requests the following total damage amounts for each of the eleven Plaintiffs in this case:

(1) Arteaga -        $7,500.00

(2) Colmenares -     $6,000.00

(3) Ordonez -        $6,400.00

(4) Guerra -         $6,000.00

(5) Ortiz -          $5,240.00

(6) Cardona -        $2,140.00

(7) Ferrer -         $8,740.00

(8) Barrios -        $8,740.00

(9) Barreto -        $5,984.00

(10) Suarez -        $6,000.00

(11) Molina -        $8,740.00

Plaintiffs have provided affidavits which explain the basis for the award sought.  ECF No. 46-1.  Plaintiffs identify their hourly compensation rate, amount of hours worked during the relevant time period, overtime pay amount of time-and-a-half pay, the dates during which Plaintiffs were not properly compensated, and the amounts owed to each Plaintiff in both

unpaid overtime wages and unpaid regular wages. ECF No. 46 at 16-20; ECF Nos. 46-1. The amounts claimed are calculated as follows:

(1) Arteaga - $3,750.00 based on $25 per hr, 60 hrs per week

(2) Colmenares - $3,000.00 based on $20 per hr, 60 hrs per week

(3) Ordonez - $3,200.00 based on $20 per hr, 60 hrs per week

(4) Guerra - $3,000.00 based on $20 per hr, 60 hrs per week

(5) Ortiz - $2,620.00 based on $20 per hr, 57 hrs per week

(6) Cardona - $1,070.00 based on $20 per hr, 49 hrs per week

(7) Ferrer - $4,370.00 based on $23 per hr, 60 hrs per week

(8) Barrios - $4,370.00 based on $23 per hr, 60 hrs per week

(9) Barreto - $2,992.00 based on $20 per hr, 60 hrs per week[4]

(10) Suarez - $3,000.00 based on $20 per hr, 60 hrs per week

(11) Molina - $4,370.00 based on $23 per hr, 60 hrs per week

ECF No. 46-1.

Plaintiffs' affidavits are sufficiently clear, and the amounts claimed are supported by the attached spreadsheets which demonstrate a basis for the amounts sought. It is recommended that Plaintiffs' amended motion for

---

[4] During Plaintiff Barreto's first week of employment, her pay was $19.20 per hour. ECF No. 46-1 at 35, 37.

declaratory judgment, ECF No. 46, be granted. In addition, Plaintiffs have established Defendants' liability for unpaid wages under the FLSA.

Finally, Plaintiffs were represented by counsel in this case. The amended motion requests an award of reasonable attorney's fees and costs pursuant to the FLSA. ECF No. 46 at 5 (citing to 29 U.S.C. § 216(b)). Counsel has provided an accounting to support the requested amount of $3,598.80, which consists of $3,127.80 in attorney's fees and court costs of $471.00. *See* ECF No. 46-2.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiffs' motion for default judgment, ECF No. 46, be **GRANTED** pursuant to Federal Rule of Civil Procedure 55. Plaintiffs should be awarded $71,484 in compensatory and liquidated damages, and counsel should be awarded $3,598.80 for costs and attorney fees.

**IN CHAMBERS** at Tallahassee, Florida, on July 23, 2024.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.